# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MICHAEL R. SHEMONSKY, | : | CIVIL ACTION NO. 4:10-CV-260 |
| | : | |
| Appellant | : | (Judge Conner) |

---

| | | |
|---|---|---|
| IN RE: MICHAEL R. SHEMONSKY, | : | CIVIL ACTION NO. 4:10-CV-261 |
| | : | |
| Appellant | : | (Judge Conner) |

## MEMORANDUM

Presently before the court are two appeals from cases before the United States Bankruptcy Court for the Middle District of Pennsylvania. Appellant Michael R. Shemonsky ("Shemonsky") challenges two orders issued by the Bankruptcy court on November 17, 2009. For the reasons that follow, this court will affirm the orders of the Bankruptcy Court, close Shemonsky's appeals, and deny the additional motions filed by Shemonsky as moot.

## I.  Background

On February 16, 2007, Shemonsky filed an involuntary petition under Chapter 7 of the Bankruptcy Code. On August 29, 2007, the Bankruptcy Court dismissed Shemonsky's case due to his failure to comply with his duties as a debtor. Shemonsky appealed the dismissal of his case to the United States District Court for the Middle District of Pennsylvania, and the District Court affirmed. Shemonsky moved to reinstate his case on September 28, 2007, but this order was denied by the Bankruptcy Court. Subsequently, the District Court and the Third Circuit Court of appeals both affirmed the Bankruptcy Court's denial of

reinstatement of the case. Shemonsky proceeded to file additional motions after the dismissal of his case, all of which were denied.

Shemonsky now appeals the Bankruptcy Court's denial of two of his motions. In the relevant orders—each of which is dated November 17, 2009—the Bankruptcy Court explained that it was denying Shemonsky's motions because they sought relief in a case which Shemonsky brought against the Office of Thrift Supervision, and the Bankruptcy Court found that it lacks jurisdiction over said case, which had been filed in United States District Court in 1990. In the first order at issue, the Bankruptcy Court denied Shemonsky's "Sealed Motion to Produce Wiretap Order and Mail Cover Order" for the above-described reason. In the second order, the Bankruptcy court denied Shemonsky's "Motion to Produce Summonses on No. 90-180" on the same basis. Shemonsky appeals these two orders,[1] and his appeals are now ripe for disposition.

## II. Standard of Review

An appeal from a Bankruptcy Court's order places the District Court in the posture of an appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the Bankruptcy Judge. In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); see also FED. R. BANKR. P. 8013. The factual findings of the Bankruptcy Court are reviewed under the "clearly erroneous" standard but

---

[1] Shemonsky attaches these to orders to his brief in Case No. 4:10-CV-260. The court is unable to discern whether Shemonsky intended to appeal different orders in Case No. 4:10-CV-261; Shemonsky neither cited nor attached any order of the Bankruptcy Court in the brief he filed in Case No. 4:10-CV-261.

its legal conclusions are reviewed *de novo*. Sharon Steel, 871 F.2d at 1222-23. This court will not disturb the resolution of an issue committed to the discretion of the Bankruptcy Court unless a manifest abuse of that discretion is apparent.[2] See id.

## III.  Discussion

Shemonsky has failed to establish that the Bankruptcy Judge's orders were erroneous in any respect. Indeed, with the exception of a baseless and conclusory assertion that "[t]he legislative court is in contempt of court[,]" (Case No. 4:10-CV-260, Doc. 4 at 8), and an unsupported argument that "[t]he Constitution is null and void[,]" (Case No. 4:10-CV-261, Doc. 4 at 7), Shemonsky has failed even to raise *allegations* of error. Finding no reason to disturb the November 17, 2009 orders of the Bankruptcy Court, this court will affirm said orders and dismiss Shemonsky's appeals. The court will also dismiss Shemonsky's additional motions requesting miscellaneous relief; the court concludes that its disposition of Shemonsky's appeals renders said motions moot.

---

[2] Discretionary provisions place in the hands of the lower court the authority to decide whether the final decision is "correct." See Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The appellate court serves only to ensure that discretion was exercised rationally, that all relevant factors were considered, and that no clear analytical error was made. Welch & Forbes, Inc. v. Cendant Corp., 233 F.3d 188, 192 (3d Cir. 2000). The focus is on the means, not the end. A manifest abuse will generally be found only when the lower court failed either to comprehend the nature of its discretion or to employ it reasonably. See Cleary ex rel. Cleary v. Waldman, 167 F.3d 801, 804 (3d Cir. 1999); Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981).

An appropriate order will issue.


                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge


Dated:        March 11, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MICHAEL R. SHEMONSKY, | : CIVIL ACTION NO. 4:10-CV-260 |
| | : |
| Appellant | : (Judge Conner) |
| --- | --- |
| IN RE: MICHAEL R. SHEMONSKY, | : CIVIL ACTION NO. 4:10-CV-261 |
| | : |
| Appellant | : (Judge Conner) |

## ORDER

AND NOW, this 11th day of March, 2011, upon consideration of the bankruptcy appeal filed by Appellants (Doc. 1), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The November 17, 2009 orders of the United States Bankruptcy Court for the Middle District of Pennsylvania in the case docketed as Bankruptcy Petition No. 5:07-BK-50374 are AFFIRMED.

2. Shemonsky's motions (Case No. 4:10-CV-260, Doc. 8; Case No. 4:10-CV-261, Doc. 16) to strike and to remand to the Bankruptcy Court are DENIED as MOOT.

3. Shemonsky's motion (Case No. 4:10-CV-261, Doc. 5) to produce is DENIED as MOOT.

4. The Clerk of Court is directed to CLOSE the above-captioned appeals.


                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge